**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | **CIVIL ACTION NO.:** |
| STEVE CALLENDER and KATHLEEN : | |
| CALLENDER : | |
| : | |
| Plaintiffs, : | |
| : | |
| V. : | **NOTICE OF REMOVAL** |
| : | |
| QBE SPECIALTY INSURANCE COMPANY : | |
| : | |
| : | |
| Defendant. : | |
| _____ : | |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1441 and § 1332, the Defendant, QBE Specialty Insurance Company ("QBE"), by and through its attorneys, GOLDBERG SEGALLA LLP, hereby removes the action entitled _Callender, et al. v. QBE Specialty Insurance Company, et al._, commenced in the Superior Court of New Jersey – Law Division, Atlantic County, bearing Docket Number ATL-L-000366-25, from the Atlantic County Superior Court to the United States District Court for the District of New Jersey, and as grounds for removal, states as follows:

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

1.      On February 25, 2025, Plaintiffs Steve Callender and Kathleen Callender ("Plaintiffs") initiated a civil action against QBE Fannie Mae pending in the Superior Court of New Jersey, Civil Division, Atlantic County, Docket No. ATL-L-000366-25. _See_ Plaintiffs' Complaint as Exhibit "A".

2.      The Complaint was delivered to QBE in Sun prairie, Wisconsin on March 7, 2025, and therefore this Notice of Removal is timely filed by QBE within 30 days of receipt pursuant to 28 U.S.C. § 1446(b)(1).

3.      The state court where Plaintiffs originally filed this action is located in Atlantic County, New Jersey, which is embraced within this federal judicial district.

4.      Removal from the Superior Court, Civil Division, Atlantic County is proper under 28 U.S.C. §§ 1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States have original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought." *See* 28 U.S.C. §§ 1441(a) and (b).

5.      This Court has original jurisdiction over the subject matter of this dispute under 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds $75,000.

6.      Plaintiffs are residents of Brigantine, New Jersey. *See* Ex. "A" at ¶ 2.

7.      QBE maintains a principal place of business in New York, New York and is incorporated under the laws of the state of North Dakota. *See* 12 U.S.C. § 1717(a)(1).

8.      Thus, removal from the Superior Court of New Jersey, Civil Division, Atlantic County is proper under 28 U.S.C. §§ 1441(a) and (b).

9.      Plaintiffs' Complaint indicates that it seeks "compensatory damages in excess of $20,000, costs and interest of suit" and upon information and belief, Plaintiffs seek damages in excess of $75,000.

10.     Based on the foregoing, QBE has met the statutory requirements of removal to this Court.

**WHEREFORE**, Defendant QBE Specialty Insurance Company respectfully requests that the action pending in the Superior Court of New Jersey, Civil Division, Atlantic County be removed from that court to the U.S. District Court for the District of New Jersey.

**GOLDBERG SEGALLA LLP**

Dated: March 28, 2025                 By:    */s/Evan D. Haggerty*
                                             EVAN D. HAGGERTY, ESQ.
                                             1037 Raymond Blvd., Ste. 1010
                                             Newark, NJ 07102
                                             T: 973-681-7018
                                             F: 973-681-7101
                                             *Attorneys for Defendant QBE Specialty*
                                             *Insurance Company*

# EXHIBIT A

**ZENSTEIN KOVALSKY, LLC**
By: JOSEPH A. ZENSTEIN, ESQUIRE
Identification No.: 339202024                                    Attorneys for Plaintiffs
1240 Old York Road, Suite 101
Warminster, PA 18974
jzenstein@zensteinlaw.com
(215) 230-0800

---

| | |
|---|---|
| STEVE CALLENDER AND KATHLEEN CALLENDER | SUPERIOR COURT OF NEW JERSEY CIVIL LAW DIVISION |
| Plaintiffs, | ATLANTIC COUNTY |
| | DOCKET NO.: |
| v. | |
| QBE SPECIALTY INSURANCE COMPANY | **CIVIL ACTION COMPLAINT WITH JURY DEMAND** |
| Defendant. | & DISCOVERY DEMANDS |

Plaintiffs, Steve Callender and Kathleen Callender, owners of the property located at 4104 Atlantic Brigantine Blvd., Brigantine, NJ 08203 by way of Complaint against the Defendant, QBE Specialty Insurance Company, say:

1.      At all times referred to herein, Defendant is a business duly organized and existing which is licensed to issue policies of insurance in the State of New Jersey and maintains a place of business at One General Drive, Sun Prairie, WI 53596.

2.      Defendant, in its regular course of business issued to Plaintiffs a policy of insurance, policy number CAAHO3290002071607, covering Plaintiffs' premises located at 4104 Atlantic Brigantine Blvd., Brigantine, NJ 08203.  A true and correct copy of said policy is not in Plaintiffs' possession but is believed and therefore averred to be in Defendant's

care, custody and possession.

3.      On or about April 3, 2024, while said policy of insurance was in full force and effect, Plaintiffs suffered direct physical loss to the insured building.

4.      Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiffs have done and otherwise performed all things required of Plaintiffs under the policy of insurance issued by Defendant.

5.      Defendant determined that Plaintiffs suffered a loss to property that was covered under the terms and conditions of the policy but failed and refused to indemnify Plaintiffs completely for the loss.

6.      Defendant has breached its contractual obligations to pay benefits to Plaintiffs for a loss covered under Defendant's policy of insurance.

7.      Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiffs as required under the aforesaid policy of insurance, Plaintiffs have suffered loss and damage to the property, forcing Plaintiffs to incur the expense to repair and replace the damaged property.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages in excess of $20,000.00, cost and interest of suit, and such other relief as the Court may deem equitable and just.

### JURY DEMAND

Plaintiffs demand trial by jury as to all issues.

### NOTICE PURSUANT TO RULES 1:15(a) AND 4:17-4(c)

PLEASE TAKE NOTICE THAT the undersigned attorney, counsel for the Plaintiffs, does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein

serving pleading and interrogatories and receiving answers thereto serve copies of all such

pleading and answered interrogatories received from any party upon the undersigned and

PLEASE TAKE NOTICE THAT this is a continuing demand.

## NOTICE OF OTHER ACTIONS

Pursuant to the provisions of Rule 4:5-1, I hereby verify as follows:

1.    The matter in controversy is not the subject of any other pending action in any other

Court or of a pending arbitration proceeding.

2.    It is contemplated that the matter in controversy will not become the subject of any

other action pending in any court or of a pending arbitration with the exception of the

above-mentioned action.

## DESIGNATION OF TRIAL COUNSEL (RULE 4:25-4)

Pursuant to Rule 4:25-4, Joseph A. Zenstein, Esquire, is hereby designated as trial

counsel on behalf of Plaintiffs.

I hereby certify that the foregoing statements are true and I am aware that if any of

the foregoing statements made by me are willfully false I am subject to punishment.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiffs hereby demand that the Defendant provide answers to the Request for

Production of Documents attached hereto within 35 days after service of this request as

prescribed by the Rules of Court.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby demand that the Defendant provide answers to the

Interrogatories attached hereto within 60 days after service of this request as prescribed

by the Rules of Court.

**CERTIFICATION OF COMPLIANCE PURSUANT TO R. 1:38-7(C)**

I certify that confidential personal identifiers have been redacted from documents

now submitted to the court, and will be redacted from all documents submitted in the future

in accordance with R. 1:38-7(b).

**ZENSTEIN KOVALSKY, LLC**

BY: _____

JOSEPH A. ZENSTEIN, ESQUIRE
Attorney for Plaintiffs

Date: <u>February 25, 2025</u>

**ZENSTEIN KOVALSKY, LLC**
By:  JOSEPH A. ZENSTEIN, ESQUIRE
Attorney Identification No.: 339202024
1240 Old York Road, Suite 101
Warminster, PA 18974
jzenstein@zensteinlaw.com
(215) 230-0800                                    **Attorney for Plaintiffs**

| | |
|---|---|
| STEVE CALLENDER AND KATHLEEN CALLENDER<br><br>v.<br><br>QBE SPECIALTY INSURANCE COMPANY | SUPERIOR COURT OF NEW JERSEY LAW DIVISION<br><br>ATLANTIC COUNTY<br><br>DOCKET NO.:<br><br>**INTERROGATORIES DIRECTED TO DEFENDANT** |

TO:  QBE SPECIALTY INSURANCE COMPANY

PLEASE TAKE NOTICE that the undersigned demands certified answers to the following Interrogatories within the time required by law pursuant to the New Jersey Rules of Court.

These Interrogatories are continuing in nature and any information secured subsequent to the filing of your Answers, which would have been included in the Answers had it been known or available, is to be supplied by Supplemental Answers.

These Interrogatories request information known to you or anyone acting on your behalf, including agents, servants, workmen or employees.

## INTERROGATORY DEFINITIONS

1.      Where a "document" is required to be identified, listed or described in response to any one of these Interrogatories, the following information shall be given: (a) date; (b) present location; (c) person who prepared documents; (d) person or persons to whom it was sent or given or disclosed; and (e) name of organization each of the persons named in answer to (c) and (d) represented or with which each person was connected.

2.      The word "document," as used in these Interrogatories, refers to any medium used for recording and retrieving information including any written, typed, printed, recorded, digital or graphic matter, however preserved, produced or reproduced, of any type or description, regardless of origin or location.

3.      The term "you" as used in these Interrogatories, refers to Defendant as the party, including all officers, employees, agents, representatives and others known to Defendant to have acted on their respective behalf.

4.      The term "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent predecessors or successors in interest, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      The term "person" is defined as any natural person or any business or legal entity, including all individuals, associations, subsidiaries, companies, partnerships, joint ventures, corporations, trusts and estates.

6.      To "identify", when referring to a person, means to state the person's full name, present or last known address, and when referring to when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7.      A "communication" means all oral conversations, discussions, letters, telegrams, memoranda and any other transmission of information in any form, both oral and written.

8.      The term "occurrence" or "incident" refers to the event or events alleged in the complaint, and/or the subject matter of this action.

9.      The term "investigation" refers to the claim submitted by the Plaintiffs/insured to the defendant/insurer, and any and all inquiries, evaluations, analysis, tests, studies, appraisals, inspections, audits related thereto.

10.      To "describe", "describe in detail", "state", or "state in detail" means to relate as completely as possible each and every act, omission, incident, event, condition, circumstance or thing relating directly or indirectly to the subject of the description including all pertinent dates and, without limitation to the foregoing, to identify all documents, communications, persons or locations directly or indirectly related thereto.

11.      The words "during the relevant time period" refer to the years during which the alleged occurrence as set forth in the complaint took place through to the present, unless otherwise specified in the Interrogatory.

12.      The word "Claim" refers to Plaintiff's insurance claim arising from the incident of loss set forth in the Complaint, unless indicated otherwise.

13.      As used herein, the "property" or the "premises" (upper or lower case) shall refer to the property where the loss occurred, as identified in the Complaint.

## INTERROGATORIES INSTRUCTIONS

1.     Each interrogatory is to be responded to separately, in writing, and as fully as possible.   State the name of the person responding to the interrogatory, whether information relating to the interrogatory furnished is within the personal knowledge of that person and, if not, the name of the person assisting in the preparation of, or furnishing of, information used in responding to the interrogatory, and the name of the person to whom such information is a matter of personal knowledge.

2.     The omission of any name, fact, or other item of information from the answers shall be deemed a representation that such name, fact or item is not known to you or your counsel at the time of the service of your answer to the interrogatory.

3.     If any interrogatory cannot be answered in full after exercising due diligence to secure the information to do so, it shall be answered to the extent possible with an explanation as to why a complete answer is not possible.

4.     To the extent that you believe that an interrogatory is objectionable, answer as much of the interrogatory as, in your view, is not objectionable and separately state the portion of each interrogatory to which you object and the grounds for your objection.

5.     To the extent that you believe that an interrogatory requests information subject to privilege, respond to so much of the interrogatory that, in your view, is not requesting privileged materials and separately set forth in a log:
   a. the grounds upon which you believe the information requested is privileged, and
   b. whether the information has been withheld or a document redacted, and why.

6.     To the extent that you believe an interrogatory is ambiguous, your response should set forth the matter deemed ambiguous and the construction used in responding.

7.     In lieu of providing a full description of a document, you may attach a copy of the document for which a description is requested, and in your answer to the interrogatory only  provide those items of description requested which do not appear on the face of the document.

8.     These interrogatories are continuing in nature and must be supplemented promptly if you obtain additional or different information related to any response at any time before the termination of this action.

9.     When interpreting these interrogatories words in the singular also include their plural, and words in the plural also include their singular.

10.     Any objections to interrogatories asserted under the claim of privilege must

be made before the time for answering expires and the objections must contain the nature of the objection and the basis on which it is made and a description of the nature and subject matter of the information sought to be withheld, and a privilege log should be provided. Any objection not made before the time for answering expires will be deemed waived.

11.     If any document requested was but is no longer in your possession or subject to your control, state what disposition was made of it.

12.     Your answers must be certified.

13.     Unless otherwise stated, the time period for these interrogatories is from the date of loss set forth in the Complaint until the date of serving your response hereto.

## **INTERROGATORIES**

1.     Identify each person, by name and address, employed by the defendant, including but not limited to any and all agents, employees, contractors, sub-contractors, consultants, and/or independent adjusters that examined and/or investigated Plaintiffs' claim and state with particularity the substance of the information in the possession of each and every person identified, including, without limitation, any person responsible for evaluating, investigating, researching, examining, inspecting, and/or deciding whether to pay insurance benefits to Plaintiffs. When responding to this interrogatory, please also identify any and/or all documents

2.     Please identify all persons with knowledge of facts relating to the complaint and/or your answer.

3.     Please describe the knowledge that the persons set forth in the preceding answers to interrogatories have.

4.     Please answer the following questions directed to the person answering these interrogatories:
    (a)     the full name and address of the person answering these interrogatories;
    (b)     the highest level of education that the person answering these interrogatories has received, and if he or she attended any college or trade school, identify same.
    (c)     the name and address of the employer or the person answering these interrogatories;
    (d)     the job title and description of the person answering these interrogatories; and
    (e)     identify any professional licenses that you (the person answering these interrogatories) have.

5.     Identify all persons in any way involved in providing information to answer these interrogatories, including each person's full name, current home or work address, and each interrogatory to which that person provided an answer or provided assistance with, describing the assistance and/or counsel which they gave in the process of answering these interrogatories

6.     State the name and last known address of each person who:
(a)     Was a witness through sight or hearing to any or all of the acts alleged it he pleadings; and/or
(b) has knowledge of facts concerning the happening of the acts alleged in the pleadings or the conditions or circumstances at the time of the acts alleged in the pleadings, and
(c) set forth the facts that the witness saw, heard, or otherwise has knowledge of.

7.     State the name and address of each person you expect to call as a fact witness at trial.

8.     State the substance of the facts to which each person identified in response to the preceding interrogatory will testify at trial.

9.     Have you or anyone acting on your behalf obtained from any person any statement concerning this action or its subject matter? If so, please state:
(a)     the name and last known address of each such person;
(b)     when, where and by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded;
(c)     the name and address of any person who has custody of any such statements that were reduced to writing or otherwise recorded; and
(d)     what was said in the statement.
(e)     Consider this to be a Request to Produce each statement referred to in your answer to this Interrogatory within thirty days from the date of service hereof to Plaintiffs' counsel.

10.     With respect to any payment amounts issued to the Plaintiffs in this matter since the date of the loss, please list all payment amounts and for each payment amount please state under which insurance coverage within the policy of insurance between the Plaintiffs and the defendant that the payment was made.

11.     Please state whether you accept the Proof of Loss submitted by the insured in this matter. If your answer is anything other than an unqualified "Yes", please state the

specific reasons why you are rejecting said Proof of Loss, making reference to all policy provisions and delineating what you allege the insured included and/or omitted.

12.     With respect to the non-payment of the insured's claim, please identify each and every reason that coverage was declined, citing to the relevant provisions of the policy in support of each and every decision, and in the event of partial payment, please identify defendant's position concerning the remaining amount of the disputed loss.

13.     With respect to defendant's investigation into the extent of damages related to this claim, and assuming liability under the policy of insurance issued by defendant to Plaintiffs, state the actual cash value of the loss and damage to the premises, personal property and/or contents as a result of the occurrence alleged.

14.     List the name(s) and current address(es) of each and every individual known to the defendant with knowledge of the facts of the losses alleged in Plaintiffs' Complaint and/or the damages resulting therefrom.

15.     State the name(s) and current address(es) of any and all persons known to the Defendant who prepared notices, memos, letters, invoices, statements, and/or other written correspondence pertaining to the insured premises following the loss and please provide copies of same. If such written evidence is not in the possession of the defendant, please identify the location of that written evidence.

16.     Identify the name and current address of any and all fact and/or expert witnesses who will testify at trial on behalf of Defendant and for each witness identified, please provide the subject matter of each witness's testimony and provide all applicable expert reports and curriculum vitae.

17.     With respect to the insured property, identify the dates of all inspections made by or on behalf the defendant, at any time before and/or after the incident which is the subject of this lawsuit, and include in your answer the name of the individual(s) who performed such inspections, the reason(s) for the inspections and produce a copy of the inspection results, and produce any and/or all correspondence that was sent by defendant regarding those inspections to any individual following any inspections.

18.     Did either Plaintiffs or Defendant, or any person enumerated in the preceding interrogatories, file any oral, written, or otherwise recorded statement concerning the claim? If so, please sate:

    (a)     the name of the person who gave each statement;
    (b)     the date on which each statement was given;
    (c)     the substance of each oral statement;

    (d)    the name, address and occupation of the person who has custody of each written or otherwise recorded statement;

    (e)    attach a copy of each written statement to your answers.

19.    Did Defendant conduct any investigation concerning Plaintiffs' claim?  If the answer is "yes", for each investigation state:

    (a)    the name and address of each person who made the investigation;

    (b)    the date on which each investigation was made;

    (c)    whether any reports were made as the result if the investigation and the name and address of each person who has custody of each report?

    (d)    attach a copy of each report identified above to your answers to these interrogatories.

20.    Were any photographs, videotapes, or films taken in relation to Plaintiffs' claim?  If your answer is "yes", state:

    (a)    the name and address of the person who took each photograph, videotape or film;

    (b)    the date and time of day each photograph, videotape, or film was taken;

    (c)    attach a copy of each photograph, videotape, or film identified above (please include reprints or color laser copies of each photograph and a duplicate copy of each videotape or film and we will reimburse you for any costs incurred).

21.    Do you contend that Plaintiffs is barred from recovery for any reason whatsoever?  If so, please identify specifically the following:

    (a)    the policy provision upon which you are relying in support of this contention;

    (b)    all facts which form the basis for this contention;

    (c)    all factual and expert witnesses whom you intend to call at trial to support this contention;

    (d)    a detailed summary of each witness's anticipated trial testimony;

    (e)    all documentary, physical, and/or additional evidence of any nature whatsoever which you intend to produce at trial to support this contention.

22.    Do you maintain written policies, claims manuals, or other written communications setting forth the insurer's practices, procedures, or policies regarding the handling of claims of the type involved herein?  If so, please attach a copy of these materials to your answers to these interrogatories.

23.    Do you contend or aver that any party or agent of any party herein violated any law, rule, regulation, standard or ordinance?  If so, state the following:

    (a)    describe in detail each violation with reference to the source material containing the law, rule, regulation, standard or ordinance;

    (b)    give the date of the violation and identify all persons at the time of the violation and the manner in which the violation occurred at that time;

    (c)    identify all writings known to you in which the law, rule, regulation standard or ordinance is written and/or described.

24.    If you have not already done so, please state the name and address of each person whom you intend to call as a witness at trial and state in detail the facts which each proposed witness is expected to testify.

25.    Please state the name and address of each person whom you contemplate or expect to call as an expert witness at the trial of this matter and state in detail the facts and opinions to which each proposed expert witness is expected to testify.

26.    With respect to each expert witness identified above, state whether the facts or opinions:

    (a)    are contained in any written report, memoranda or transcript and provide a   copy of such;

    (b)    are based upon any codes, regulations, law, textbook or other publication and identify the specific section(s) and pages of such; and

    (c)    set forth in detail all factual information supplied to each expert which was used as the basis for the expert's opinion, including all documents examined, as well as the place and date of examination of said documents and all other materials provided to the expert.

27.    With respect to each expert witness who you intend to call at trial, please identify all cases in which that expert has been employed, as an expert, within the past eight (8) years. Specifically, for each case, please identify the following:

    (a)    the name of the case;

    (b)    the court term and number, if the case went to suit;

    (c)    the name and address of the claimant;

    (d)    the name and address of the claimant's attorney;

    (e)    the party who employed the expert in each case;

    (f)    the amount of compensation paid to that expert.

28.    With respect to each expert witness whom you intend to call at trial, please identify the amount of compensation which you have paid to that witness to date and the amount of compensation promised to that witness in the future.

29.    With respect to each expert witness whom you intend to call at trial, please identify the following for the past five (5) years:
  (a)    the total amount of compensation paid to the expert as an expert for each of those years;
  (b)    the total amount of compensation earned by the expert in his/her field of expertise per year, which compensation was not related in any way to a claim or lawsuit.

30.    Have any of the experts identified above, conducted an inspection of the damages which occurred as a result of the loss which is the subject of this litigation?  If yes, please state:

  (a)    the date of each inspection;
  (b)    the reason for each inspection.
  (c)    whether any photographs, videotape or films were made at that time;
  (d)    whether any reports were written, and if so, attach a copy of each written report to your answers;

31.    Identify all prior and subsequent claims (for the last eight years to the present) that Plaintiffs have had with Defendant insurance company, including the following:
  (a) The date of the alleged loss;
  (b) The type of the alleged loss;
  (c) The amount of the claim submitted by the Plaintiff as a result of the alleged loss;
  (d) The amount paid by Defendant as a result of the alleged loss; and
  (e) Consider this to be a Request to Produce the entire claim files relating to all prior and subsequent claims.

                    ZENSTEIN KOVALSKY, LLC

        BY:    _____
                    JOSEPH A. ZENSTEIN, ESQUIRE
                    Attorney for Plaintiffs

Date: February 25, 2025

**ZENSTEIN KOVALSKY, LLC**
By:  JOSEPH A. ZENSTEIN, ESQUIRE
Attorney Identification No.: 339202024
1240 Old York Road, Suite 101
Warminster, PA 18974
jzenstein@zensteinlaw.com
(215) 230-0800                                    Attorney for Plaintiffs

| | |
|---|---|
| STEVE CALLENDER AND KATHLEEN CALLENDER | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| v. | ATLANTIC COUNTY |
| QBE SPECIALTY INSURANCE COMPANY | DOCKET NO.: |
| | **REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT** |

TO:   QBE SPECIALTY INSURANCE COMPANY

      PLEASE TAKE NOTICE pursuant to R. 4:18-1, Plaintiffs hereby requests that the above-named Defendant(s) produce true and correct copies of all documents identified herein which are in your possession, custody or control, within thirty-five (35) days, at the offices of Zenstein Kovalsky Buckalew, LLC, 1240 Old York Road, Suite 101, Warminster, PA  18974. These Requests are continuing in nature and any information secured subsequent to the filing of your Answers, which would have been included in the Answers had it been known or available, is to be supplied by Supplemental Answers.

### **REQUEST FOR PRODUCTION OF DOCUMENTS DEFINITIONS**

1.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

2.    The terms "communication" or "communications" shall mean conversations (whether face to face, by telephone or otherwise), correspondence, e-mail, telefax, telegram, and any other type of document or memorandum.

3.    The term "correspondence" includes all letters, telegrams, notices, messages, e-mails, text messages, or other written communications or memoranda, or other oral communications.

4.    The term "document" or "documents" includes all writings of any kind, including electronic, digital and hard paper copies, including the original and all non-identical copies, whether different from the originals by reason of any notation made on such

copies or otherwise (including without limitation correspondence, e-mails, text messages, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, policies and procedures, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any kind to the foregoing). It also includes graphic or oral records or representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings).

5.      The term "person" as used herein means an individual or any other legal entity.

6.      The terms "possession", "custody", and "control" of documents means those within your possession, custody or control or held by your agents, servants, employees (including counsel), or within your right to possession, custody or control.

7.      The terms "you" or "your" as used herein, refers to Defendant individually and collectively, and all other persons, including, but not limited to, counsel, employees, agents, investigators, consultants, business entities, insurance companies, acting or purporting to act on Defendant's behalf.

8.      The terms "relating to," "relate to," "related to," and "relates to" means in any way concerning, containing, describing, constituting, referring to, evidencing, mentioning, reflecting, identifying, refuting, contradicting, supporting, connected with or any way pertaining to the subject, in whole or in part.

9.      The term "statement" means:
        a.      a written statement signed or otherwise adopted or approved by the person making it, or
        b.      a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

10.     As used herein, the "property" or the "premises" (upper or lower case) shall refer to the property where the loss occurred, as identified in the Complaint.

11.     As used herein, the word "Claim" refers to Plaintiff's insurance claim arising from the incident of loss set forth in the Complaint, unless indicated otherwise.

## REQUEST FOR PRODUCTION OF DOCUMENTS INSTRUCTIONS

1.      Each request is to be responded to separately, in writing, and as fully as possible. State the name of the person responding to the requests, whether information

relating to the requested document furnished is within the personal knowledge of that person and, if not, the name of the person assisting in the preparation of, or furnishing of, information used in responding to the document requests, and the name of the person to whom such information is a matter of personal knowledge.

2.      With respect to each request herein, you are to identify and produce all documents which are known to you or which can be located or discovered by reasonable diligent effort, including, without limitation, all such documents requested to be produced which are in the files of (whether personal, business or any other files), possession, custody or control of the party responding hereto and/or his attorneys, investment advisors, accountant, agents, representatives, officers or employees.

3.      You are to produce all documents as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein,.  If there are no documents responsive to any particular category, the party responding hereto shall state so in writing.

4.      The omission of any documents shall be deemed a representation that such item is not known to you or your counsel at the time of service of your response to this discovery request.

5.      If any response herein cannot be answered in full after exercising due diligence to secure the item to do so, it shall be responded to the extent possible with an explanation as to why production of the item is not possible.

6.      To the extent that you believe that a request is objectionable, respond to as much of the request as, in your view, is not objectionable and separately state the portion of each response to which you object and the grounds for your objection.

7.      To the extent that you believe that a request calls for information subject to privilege, respond to so much of each request that, in your view, is not requesting privileged materials and separately set forth in a log:
        a.      the reason for withholding:
        b.      a statement constituting the basis for any claim of privilege, work product, or other grounds of non-disclosure;
        c.      a brief description of the document, including:
            i.      the date of the document;
            ii.     the number of pages, attachments and appendices;
            iii.    whether the document has been withheld or redacted;
            iv.     the name of its author(s), or preparer(s) and identify the employment and job title of each such person;

            v.      the name(s) of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to

<blockquote>

whom it was explained, together with an identification of each such person;

vi.   present custodian;

vii.   the title of the document;

viii.   the type of document (e.g., e-mail, fax, letter, agreement, etc.);

ix.   the subject matter of the document, and whether any document relates in any way to a meeting or conversation; and

x.   the paragraph of the document request to which the document relates.

</blockquote>

8.     To the extent that you believe a request is ambiguous, your response should set forth the matter deemed ambiguous and the construction used in responding.

9.     These requests are continuing in nature and must be supplemented promptly if you obtain additional or different information related to any response at any time before the termination of this action.

10.    When interpreting these requests words in the singular also include their plural, and words in the plural also include their singular.

11.    Any objections asserted or documents withheld under the claim of privilege must be made before the time for answering expires and the objections must contain the nature of the objection and the basis on which it is made and a description of the nature and subject matter of the information or documents sought to be withheld, and a privilege log should be provided. Any objection not made before the time for answering expires will be deemed waived.

12.    If any document requested was but is no longer in your possession or subject to your control, state what disposition was made of it.

13.    Your responses must be certified.

14.    Unless otherwise stated, the time period for this discovery request is the date of loss identified in the Complaint until the date of serving your response hereto.

## DOCUMENTS REQUESTED

1.     Defendant's entire claim file that refers or relates to the incident described in Plaintiffs' Complaint, written or digitally stored, including but not limited to all inter-office memoranda or other forms of written communication of any employee or agent of defendant relating to the initial or continued processing of Plaintiffs' claim; all written communications between defendant and any third party concerning the processing, acceptance, or denial of Plaintiffs' claim; All written communications between Plaintiffs, or his/her attorneys, and defendant, including written proof of loss forms; All investigative

reports concerning Plaintiffs and his/her claim, and all written communications between defendant and any third party concerning the report or reports; All inter-office memoranda or other form of written communication from any employee or agent of defendant concerning the denial of Plaintiffs' claim; All written communications between defendant and Plaintiffs, or his/her attorneys, concerning the denial of Plaintiffs' claim; All written communications between defendant and any third party concerning the adjustment and/or denial of Plaintiffs' claim; All investigative reports of defendant concerning Plaintiffs taken by or on behalf of defendant, relating to the processing or denial of Plaintiffs' claim; All photographs, motion pictures, or investigative reports of defendant concerning Plaintiffs taken by or on behalf of defendant, relating to the processing or denial of Plaintiffs' claim; All other written documents in the possession of defendant pertaining to the processing of Plaintiffs' claim;  All file folders or file jackets and adjacent or related exhibit folders in which any documents or other items described above are filed or maintained; and entire automated claim file that refers or relates to the incident described in Plaintiffs' Complaint.

      2.     The complete underwriting file pertaining to the subject property.

      3.     All correspondence sent on behalf of the Defendant to the Plaintiffs and/or Plaintiffs' representatives concerning the claim which is the subject of this lawsuit as set forth more fully in Plaintiffs' Complaint.

      4.     Any and all photographs, videotapes, plans, models, sketches, diagrams or drawing prepared by any person, place or thing that is directly or indirectly related to the real and/or personal property damage and/or loss of use or additional living expense described in the Plaintiffs' Complaint and/or relating to the Plaintiffs' claim.

      5.     Any and all statements made by any person known to the defendant, including any and all representatives, agents, servants, contractors, sub-contractors, consultants and/or employees of the parties and/or witnesses, concerning the claim which is the subject of the within lawsuit.

      6.     Any and all estimates of value, or similar documents, that refer and/or relate to the real and/or personal property damage and/or loss of use or additional living expense and/or in any other way to the Plaintiffs' claim.

      7.     Any and all reports of engineers, architects, contractors and/or other experts that refer and/or relate to the real and/or personal property damage, and/or loss of use or additional living expense and/or to the Plaintiffs' claim.

8.    Any and all documents and reports that form the basis for defendant's opinion regarding the actual cash value and/or replacement cost of the Plaintiffs' real and/or personal property damage, and/or loss of use or additional living expense described in the complaint or to the Plaintiffs' claim.

9.    Any and all claims and/or procedures manuals that refer and/or relate to the defendant's practices, procedures or policies regarding the investigation, adjusting, handling and/or denial of claims.

10.    Full and complete copies of any and all policies of insurance applicable to this lawsuit, including all endorsements.

11.    Personal notes of any and all claims adjusters involved in Plaintiffs' loss as described in Plaintiffs'' Complaint and Plaintiffs' claims.

12.    All policy and procedures manuals, educational materials, adjusting manuals and written instructions used for the training of Defendant's agents, adjusters during the relevant time period, specifically those who were involved in processing Plaintiffs' policy and claim.

13.    Any and all advertising brochures, materials, bills, notices, correspondence or documents of any kind that you have sent to the Plaintiffs for the last five years.

14.    The entire file and reports of each expert whom you have retained, which should include but not be limited to, all reports and draft reports of each expert, notes, and any documentation upon which each expert relied in formulating his/her opinion.

15.    All estimates or other documents which relate in any way to the damages sustained to Plaintiffs' property.

16.    All ISO ClaimSearch reports which relate in any way to the Plaintiffs and/or Plaintiffs' property.

17.    Any and all materials relating to payments made by Defendant to Plaintiffs and/or Plaintiffs' adjuster for the Claim that is the subject of the incident described in the Complaint, including, but not limited to: cancelled checks, check stubs, correspondence referring to payments, etc.

18.     All retainer/fee agreements between you and your expert(s) relating to this case.

19.     All fee schedules between you and your expert(s) relating to this case.

20.     All invoices and billing statements from your expert(s) for this case.

21.     All of your expert's billing records, including time spent on the case and hours billed, relating to this case.

22.     All materials that your expert reviewed or referred to or relied upon in preparing his or her expert report.

23.     A certified copy of the insurance policy that is the subject of the complaint.

24.     All claims files and records relating to prior claims  and subsequent claims submitted by Plaintiffs.

25.     The resume or curriculum vitae of any expert witness who is expected to testify at trial.

26.     Any and all video recordings, audio recordings and digital recordings relating to the allegations of the complaint and/or counterclaims.

27.     Any and all audio recordings between the parties during the time period set forth in the Complaint.

28.     Any and all documents referring, relating to, or consisting of statements by Plaintiff(s) and/or Plaintiff(s) public adjuster, to Defendant or any representative of Defendant relating to Plaintiff(s) claim set forth in the Complaint.

29.     Any and all documents referring, relating to, or showing payments made by Defendant to Plaintiff(s) regarding the claim set forth in the Complaint.  Such documents include, without limitation, cancelled checks, correspondence enclosing payments, etc.

30.     Any and all records relating to Plaintiff(s) prior and subsequent homeowner's insurance claims at the subject property.

                                ZENSTEIN KOVALSKY, LLC

                    BY:     _____

                                JOSEPH A. ZENSTEIN, ESQUIRE
                                Attorney for Plaintiffs

Date: <u>February 25, 2025</u>

## PROOF OF SERVICE

I CERTIFY that I served by certified mail a copy of the attached Interrogatories and Request for Production of Documents to the following parties:

QBE SPECIALTY INSURANCE COMPANY
One General Drive
Sun Prairie, WI 53596

I CERTIFY this information to be true. I understand that I am subject to punishment if any of this information is willfully false.

**ZENSTEIN KOVALSKY, LLC**

BY: _____
JOSEPH A. ZENSTEIN, ESQUIRE
Attorney for Plaintiffs

Date: February 25, 2025

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000366-25**

**Case Caption:** CALLENDER STEVE  VS QBE SPECIALTY INSURA NCE COMP

**Case Initiation Date:** 02/25/2025

**Attorney Name:** JOSEPH ALAN ZENSTEIN

**Firm Name:** ZENSTEIN KOVALSKY, LLC

**Address:** 1240 OLD YORK RD STE 101

WARMINSTER PA 18974

**Phone:** 2152300800

**Name of Party:** PLAINTIFF : Callender, Steve

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Steve Callender?** NO

**Are sexual abuse claims alleged by: Kathleen Callender?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/25/2025
Dated

/s/ JOSEPH ALAN ZENSTEIN
Signed

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | **CIVIL ACTION NO.:** |
| STEVE CALLENDER and KATHLEEN : | |
| CALLENDER : | |
| : | |
| Plaintiffs, : | |
| : | |
| V. : | **CERTIFICATION OF SERVICE** |
| : | |
| QBE SPECIALTY INSURANCE COMPANY : | |
| : | |
| : | |
| Defendant. : | |
| _____ : | |

I, Evan D. Haggerty, hereby certify that on this day I caused to be served a true and correct

copy of the foregoing Notice of Removal and supporting documents upon Plaintiffs' counsel via

email and first-class mail as follows:

ZENSTEIN KOVALSKY, LLC
Joseph A. Zenstein, Esq.
1240 Old York Road, Ste. 101
Warminster, PA 18974
jzenstein@zensteinlaw.com
*Attorneys for Plaintiffs*

**GOLDBERG SEGALLA LLP**

Dated: March 28, 2025        By:    */s/Evan D. Haggerty*
EVAN D. HAGGERTY, ESQ.
1037 Raymond Blvd., Ste. 1010
Newark, NJ 07102
T: 973-681-7018
F: 973-681-7101
*Attorneys for Defendant QBE Specialty*
*Insurance Company*